**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MFB FERTILITY INC., | |
| Plaintiff, | Case No. 23-cv-17000 |
| v. | Jury Trial Demanded |
| WONDFO USA CO., LTD., | |
| Defendant. | |

# COMPLAINT

Plaintiff MFB Fertility Inc. ("Plaintiff" or "MFB") by and through its counsel, brings this action for Copyright and Trademark Infringement against Defendant, Wondfo USA Co., Ltd. ("Defendant" or "Wondfo").

## NATURE OF THE CASE

1. This is an action for copyright infringement.

2. Plaintiff, MFB Fertility Inc. researches, develops, and sells in-home tests for fertility tracking purposes.

3. MFB's in-home fertility tests (the "MFB products") are offered for sale in the United States measure the presence of progesterone metabolites in urine. Progesterone is a hormone produced in the ovaries after ovulation has occurred. The MFB products allow couples to better monitor their fertility at home.

4. The MFB products were the first at home ovulation confirmation test to obtain clearance by the United States Food and Drug Administration.

5. The MFB products have been utilized by tens of thousands of women across the United States to assist with ovulation confirmation.

6. Defendant, Wondfo, is an online retailer that sells progesterone test strips called the "Wondfo Progesterone (PDG) Urine Test" on Amazon and other channels.

7. Without authorization from MFB, Wondfo copied and distributed MFB's copyrighted instruction materials as part of Wondfo's instructions for using the Wondfo Progesterone (PDG) Urine Test (the "Wondfo instructions") which are packaged and distributed with that product.

8. Wondfo's unlawful conduct constitutes copyright infringement.

9. This Complaint seeks equitable and legal relief from Wondfo for its willful infringement of MFB's copyrights.

## PARTIES

10. MFB is a Delaware corporation with a principal place of business in Boulder, Colorado.

11. Wondfo is an Illinois corporation with a principal place of business at 545 Willowbrook Parkway, Unit B, Willowbrook, Illinois, 60527.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action pursuant to the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*. This Court has original jurisdiction over this action under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b), and 15 U.S.C. § 1121 and other applicable statutes.

13. This Court has personal jurisdiction over Wondfo as it has a place of business located in this judicial district.

14. This Court has personal jurisdiction over Wondfo because Wondfo transacts business in this District, and Wondfos products sold with the infringing Wondfo instruction manuals have been promoted, distributed, offered for sale, and sold within this judicial district.

15. Defendant conducts business through its website store on Amazon.com. Defendant's products sold with the infringing Wondfo instructions are available for purchase through Amazon.com, including to Illinois residents of this judicial district.

16. Defendant has known of Plaintiff's copyright rights and continues to use Plaintiff's copyright to benefit the sales of its Progesterone (PDG) Urine Test. By doing so, Defendant has intentionally caused harm to Plaintiff in this district.

17. Defendant has directed its misuse and infringement of Plaintiff's copyright in the State of Illinois, with knowledge that Plaintiff's injury would occur in the State of Illinois.

18. This Court has personal jurisdiction over Defendant, as Defendant is engaged in copyright infringement directed at persons and entities residing in, located in or doing business in this district.

19. Defendant has purposefully availed itself of the privileges of conducting business in this judicial district and has established at sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being sued in a court in Illinois.

20. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because Defendant does business in this District and is subject to personal jurisdiction in this District.

## BACKGROUND OF FACTS

21. Plaintiff MFB researches, develops, and sells in-home tests for fertility tracking purposes.

22. Plaintiff's founder and CEO, Dr. Amy Beckley, is a scientist with a PhD in Pharmacology and is a nationally recognized fertility expert.

23. In 2016, after experiencing her own fertility challenges, Dr. Beckley invented a test that measures the presence of progesterone metabolites in urine and allows women to confirm

successful ovulation by tracking progesterone (PdG) levels at home. MFB promotes, offers for sale, and sells products utilizing such tests under the trademark PROOV®.

24. Products offered under the PROOV® brands were the first to obtain FDA approval as an at-home ovulation confirmation test and have been utilized by tens of thousands of women across the United States to assist with ovulation confirmation.

25. PROOV® branded products are particularly concerned with simple practical procedures that can readily be applied by unskilled persons, e.g., in the home, to provide reliable information concerning confirmation of whether ovulation has occurred, whether progesterone levels are sufficient to support a pregnancy, and other information relating to or deriving from the presence of progesterone in the body. In further with the sales of such products, MFB has created works to guide its users in such procedures and to address questions that its customers may have. One such work is the subject of MFB's copyright claim.

**MFB'S REGISTERED COPYRIGHT**

26. MFB owns all right, title and interest in the United States Copyright Certificate of Registration for the work "Ovulation Double Check," Registration No. TX 0008912832 ("MFB's Registered Copyright"), effective November 11, 2020, and has standing to sue for enforcement of that copyright.

27. MFB's Copyrighted Material that is the subject of Registration No. TX 0008912832 (MFB's "Copyrighted Material") is an original work of authorship in the form of a compilation comprising text, photographs, and artwork fixed in a tangible medium.

28. Defendant has promoted, advertised, offered for sale, and sold products which included instructions and product descriptions that are substantially similar to MFB's Registered Copyright.

29. Defendant has copied MFB's Copyrighted Material and violated MFB's Registered Copyright. As can be seen below, Defendant's product instructions for use of the Wondfo Progesterone (PdG) Urine Test name uses a combination and sequence of descriptions and phrases that are substantially similar to Plaintiff's Copyrighted Material:




30. For example, the order and selection of points in the "STORAGE AND STABILITY" section of the MFB's Copyrighted Material was copied and used in the Defendants' infringing work:



**Plaintiff's Copyrighted Material**

Ovulation Double Check

MFB Fertility, Inc.

Catalog# MFB-01

Ovulation Double Check® is a single step qualitative test that measures the presence of certain progesterone metabolites in urine that increase significantly after ovulation. For *in vitro* external use only.

HOW DOES IT WORK?
Progesterone is a hormone that helps prepare the female body for conception and pregnancy. Levels of Progesterone in the female body are low in the first half of the menstrual cycle. After the ovary releases an egg (ovulation) the corpus luteum produces high levels of progesterone. Pregnanediol Glucuronide (PdG) is the major urine metabolite of Progesterone. Ovulation Double Check® measures the presence of PdG in urine, which has been shown to directly correlate with the presence progesterone in serum (blood). According to GLOWM (The Global Library of Women's Medicine), PdG levels in urine typically rise 24-36 hours after ovulation. Due to several factors, ovulation may be irregular and may not occur at the same time each menstrual cycle; therefore, PdG urine testing should be performed each menstrual cycle to "double check" if ovulation has occurred.

STORAGE AND STABILITY
1. Store tests at room temperature (68-78°F) in the sealed pouch.
2. Keep away from direct sunlight, moisture, and heat.
3. Do not freeze.
4. Use immediately after opening pouch
5. Pouch contains a test strip and desiccant. Desiccant is for storage purposes only.
6. Test usage after the expiration date printed on pouch may provide invalid results.

PRECAUTIONS
1. Tests are for external use only. Do not swallow.
2. Discard after use. Test strip cannot be used more than once.
3. Do not use past expiration date.
4. Do not use if pouch is not sealed properly.
5. Keep out of reach of children.
6. Read all instructions prior to use. Improper usage may give invalid results.
7. Ovulation Double Check® should not be used as a form of birth control.
8. Consult a doctor if your menstrual cycles are irregular or long.



WHEN TO BEGIN TESTING
When you should start using Ovulation Double Check tests will depend on how you currently monitor ovulation. We recommend new users test on day 10 of your cycle to determine your pre-ovulatory PdG levels.

IF USING OPKs
Ovulation Predictor Kits (OPKs) measure the surge of LH that occurs just before ovulation. You should begin using Ovulation Double Check tests 4-6 days after a positive OPK test result.

IF MONITORING CERVICAL MUCUS
In the days immediately preceding ovulation, the production of cervical mucus (CM) will be at its highest and the consistency of the mucus will be similar to raw egg whites. You should begin using Ovulation Double Check tests 4-6 days after you see the most fertile egg white mucus.

IF NOT USING OPKs or CM
You may begin testing 10 days before you expect to start your next menses. If you do not know your cycle length, you may begin testing on day 18.

WHEN TO STOP TESTING
A pre-ovulatory negative test followed by a single positive Ovulation Double Check test result is enough to confirm your PdG levels increased over 5ug/ml during your cycle.

ODC Version 3, Updated 2017/04

**Defendant's Infringing Material**

Additional Information

Limitations

Medications containing natural or synthetic progesterone, such as progesterone pills or creams, may cause false positive results. Consult your doctor about how this may affect your test result.

If you become pregnant, consult your doctor about how to track progesterone levels during pregnancy.

Precautions
1. Tests are for external use only. Do not swallow.
2. Discard after use. Test strip cannot be used more than once.
3. Do not use past expiration date.
4. Do not use if pouch is not sealed properly.
5. Keep out of reach of children.
6. Read all instructions prior to use. Improper usage may give invalid results.
7. The Wondfo® Progesterone (PdG) Urine Test should not be used as a form of birth control.

Storage & Stability
1. Store tests at room temperature (39° ~86°F) in the sealed pouch.
2. Keep away from direct sunlight, moisture, and heat.
3. Do not freeze.
4. Use immediately after opening pouch.
5. Pouch contains a test strip and desiccant. Desiccant is for storage purposes only.
6. Test usage after the expiration date printed on pouch may provide invalid results.

31. The "Storage & Stability" section of the Defendant's instruction manual copies the "Storage & Stability" section of the MFB Copyrighted Material and the MFB Registered Copyright:




32. As a further example, the order and selection of points in the "PRECAUTIONS" section of the MFB Copyrighted Material and the MFB Registered Copyright was copied and used in the Defendants' infringing work, including arbitrary capitalization (see e.g., the use of "Do" to start point 3 and "DO" to start point 4):




33. In addition, the order and selection of points in the "INSTRUCTIONS FOR USE" section of the MFB Copyrighted Material and the MFB Registered Copyright is substantially similar to that used in the Defendants' infringing work:




34. The first ordered instruction in the Defendant's infringing material is substantially similar to the statement "Collect first morning urine in a clean, dry plastic or glass container…" in the MFB Copyrighted Material and the MFB Registered Copyright as shown below:



35. The second and third ordered instruction in the Defendant's infringing material is substantially similar to the statement "2. Remove the test strip form the sealed pouch." and" and "3. Dip the strip into the urine for 5 seconds with the arrows pointing toward the urine. Lat the strip flat on a clean surface" in the MFB Copyrighted Material and the MFB Registered Copyright. The Defendant's even copied the warning in the MFB Copyrighted Material and the MFB Registered Copyright as shown below:




36. The fourth ordered instruction in the Defendant's infringing material is substantially similar to the statement "Read the results in 5 minutes. Do not read the results after 10 minutes." in the MFB Copyrighted Material and the MFB Registered Copyright as shown below:




37. In addition, the language and selection of points in the "Frequently Asked Questions" ("FAQ") section of the Plaintiff's copyrighted work is substantially similar to that used in the Defendants' infringing work:




38. The first question in the FAQ section of the Defendant's infringing material is substantially similar to the first Q&A in the MFB Copyrighted Material and the MFB Registered Copyright "Do I need to use first morning urine?" as well as the response as shown below:



39. The second question in the FAQ section of the Defendant's infringing material is substantially similar to the second Q&A in the MFB Copyrighted Material and the MFB Registered Copyright "My test has two lines, that is a positive test right?" as well as the response as shown below:




40. The fourth question in the FAQ section of the Defendant's infringing material is substantially similar to the fourth Q&A in the MFB Copyrighted Material and the MFB Registered Copyright "I still see a very faint, greyish line in the test line area. Is my test accurate?" as well as the response as shown below:




41. The sixth question in the FAQ section of the Defendant's infringing material is substantially similar to the fourth Q&A in the MFB Copyrighted Material and the MFB Registered Copyright "Do alcohol or medications affect the results?" as well as the response as shown below:




42. The fifth question in the FAQ question section of the Defendant's infringing material is substantially similar to the sixth Q&A in the MFB Copyrighted Material and the MFB Registered Copyright "I have taken these test as directed and I never get a positive result, what is going on?" as well as the response as shown below:



43. The seventh question in the FAQ section of the Defendant's infringing material is substantially similar to the seventh Q&A in the MFB Copyrighted Material and the MFB Registered Copyright "I got a positive result, does that mean I ovulated?" as well as the response as shown below:




44. In addition, the ovulation cycles phases graph found in the Plaintiff's copyrighted work copied and used in the Defendants' infringing work, as shown in the identical language and color selection:




45. When considered in the aggregate, Defendant's advertisements and product descriptions are substantially similar to Plaintiff's Copyrighted Material, including the selection and arrangement of points in the instructions.

46. Defendant's promotion, advertisement, offer for sale, and sale of products including Wondfo instructions which use Plaintiff's Copyrighted Material has resulted in damages to Plaintiff and caused Plaintiff irreparable injury.

47. Defendant does not have, nor has it ever sought, Plaintiff's authorization for the promotion, advertisement, offer for sale, and sale of products using Plaintiff's Copyrighted Material.

**COUNT I: COPYRIGHT INFRINGEMENT**

48. Plaintiff incorporates all prior allegations as if set forth fully herein.

49. Plaintiff is, and at all material times hereto has been, the owner of the copyrights in the Copyrighted Material and is entitled and authorized to protect itself against copyright infringement, including the enforcement of copyright actions against infringers.

50. Pursuant to 17 U.S.C. § 106, Plaintiff has the exclusive rights to reproduce, publicly display, and distribute the Copyrighted Material.

51. Pursuant to 17 U.S.C. § 106, Plaintiff has the exclusive right to prepare derivative works based upon the Copyrighted Material.

52. Plaintiff owns all right, title and interest in and to United States Copyright Certificate of Registration for Copyright No. TX 0008912832.

53. Defendant had access to the Copyrighted Material depicted in Copyright Registration No. TX 0008912832, as the Copyrighted Material has been available through purchase from the same online retail source (e.g., Amazon.com) as the Wondfo Progesterone (PDG) Urine Test product which is sold alone with the Defendant's infringing Wondfo instructions.

54. Defendant copied the Copyrighted Material depicted in Copyright Registration No. TX 0008912832. The instructions and graphics used by Defendant used in conjunction with Defendant's Progesterone (PdG) Urine Test is substantially similar to the Copyright Registration No. TX 0008912832 entitled "Ovulation Double Check" in that the look and feel of Defendant's infringing material and the Copyrighted Material are substantially similar. Defendant has violated and infringed upon Plaintiff's Registered Copyright No. TX 0008912832.

55. Plaintiff became aware that Defendant was promoting, advertising, and offering for sale products using product descriptions and advertisements substantially similar to Plaintiff's Copyrighted Material.

56. Defendant has infringed and continues to infringe, Plaintiff's Copyrighted Material by reproducing, publicly displaying, promoting, advertising, and offering for sale products using instructions for use which are substantially similar to Plaintiffs Copyrighted Material without Plaintiff's authorization.

57. At a minimum, Defendant has acted in reckless disregard of Plaintiff's copyright interest in Plaintiff's previously registered Copyrighted Material. Thus, Defendant's infringement has been willful.

58. Plaintiff is entitled to its statutory damages (including an award for willful damages), or in the alternative actual damages, including Defendant's profits from infringement, in amounts to be proven at trial.

59. Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Plaintiff has been irreparably harmed by the infringing acts. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to permanent injunctive relief prohibiting infringement of Plaintiff's copyrights and exclusive rights under copyright.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A. A judgment finding that Defendant copied Plaintiff's Copyrighted Material and is liable for copyright infringement in each of the infringing acts;

B. A judgment finding that Defendant, and all those in active concert or participation with it, be permanently enjoined from infringement of Plaintiff's copyrights in the Copyrighted Material pursuant to 17 U.S.C. § 502;

C. A judgment and order for Defendant to account for and turn over to Plaintiff all copies or other articles by which copies of the Copyrighted Material may be reproduced pursuant to 17 U.S.C. § 503;

D. An award of Plaintiff's actual damages, including Defendant's profits, in amounts to be proven at trial;

E. An award of statutory damages and/or willful damages pursuant to 17 U.S.C. § 504;

F. An award of attorneys' fees pursuant to 17 U.S.C. § 505;

G. An award of prejudgment and post-judgment interest to provide such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just; and

H. All other relief the Court deems just and fair.

**Jury Demand**

Plaintiff demands a trial by jury on all issues so triable to a jury.

Respectfully submitted,

______________________________

Dean D. Niro (ARDC # 6208064)
Arthur A. Gasey (ARDC # 6210605)
Nicholas Niro (ARDC # 6345897)
VITALE, VICKREY, NIRO, SOLON & GASEY LLP
311 S. Wacker Dr., Suite 2470
Chicago, IL 60606
Tel.: (312) 236-0733
Fax: (312) 236-3137
dniro@vvnlaw.com
gasey@vvnlaw.com

Gary I. Blackman (ARDC # 6187914)
Erin M. Mayer (ARDC # 6313447)
LEVENFELD PEARLSTEIN, LLC
130 N. Riverside Plaza, Suite 1800
Chicago, IL 60606
Tel.: (312) 346-8380
Fax: (312) 346-8434
gblackman@lplegal.com
emayer@lplegal.com

*Attorneys for Plaintiff,*
*MFB Fertility, Inc.*