**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MFB FERTILITY INC., <br><br> Plaintiff, <br><br> v. <br><br> WONDFO USA CO., LTD., <br><br> Defendant. | Case No. 1:23-cv-17000 <br><br> Judge Robert W. Gettleman <br> Magistrate-Judge Gabriel A. Fuentes |

**PLAINTIFF MFB FERTILITY INC.'S OPPOSITION TO DEFENDANT
WONDFO USA CO., LTD.'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................... 1

II. FACTUAL BACKGROUND ........................................................................................ 2

III. LEGAL STANDARD .................................................................................................... 4

IV. ARGUMENT ................................................................................................................. 5

    A. MFB Has Alleged a Valid and Protectible Copyright in Its Product Instructions ..................................................................... 5

    B. MFB Has Sufficiently Alleged That Wondfo Copied MFB's Registered Copyright ........................................................ 8

    C. MFB has a Valid Interest in its "Ovulation Cycle Phases" Graph ....................... 13

V. CONCLUSION............................................................................................................ 14

## TABLE OF AUTHORITIES

**Page(s)**

### Federal Cases

*ABRO Indus. v. 1NEW Trade, Inc.*,
　No. 3:14-CV-1984-TLS, 2017 U.S. Dist. LEXIS 179792 (N.D. Ind. Oct. 30,
　2017) ...................................................................................................................................6

*ADA v. Delta Dental Plans Ass'n*,
　126 F.3d 977 (7th Cir. 1997) ................................................................................................4

*Antsy Labs, LLC v. Individuals*,
　No. 22 C 1801, 2022 U.S. Dist. LEXIS 218881 (N.D. Ill. Dec. 5, 2022) ..............................5

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)..............................................................................................................4

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)....................................................4

*Bucklew v. Hawkins, Ash, Baptie & Co., LLP*,
　329 F.3d 923 (7th Cir. 2003) ..............................................................................................12

*Energy Intelligence Grp. v. Exelon Generation Co.*,
　No. 20-cv-3983, 2021 U.S. Dist. LEXIS 76688 (N.D. Ill. Apr. 21, 2021)............................4

*Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*,
　499 U.S. 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)................................................4, 6

*GNU Bus. Info. Sys. v. Soc. Sec'y*,
　No. 91 C 8215, 1993 U.S. Dist. LEXIS 16109 (N.D. Ill. Nov. 9, 1993)...............................6

*Golden v. Nadler Pritikin & Mirabelli*,
　No. 05 C 0283, 2010 U.S. Dist. LEXIS 134998 (N.D. Ill. Dec. 21, 2010) ...........................8

*Incredible Technologies, Inc. v. Virtual Technologies, Inc.*,
　400 F.3d 1007 (7th Cir. 2005) ..............................................................................................9

*JCW Invs., Inc. v. Novelty, Inc.*,
　482 F.3d 910 (7th Cir. 2007) ............................................................................................8, 9

*Live Face on Web, LLC v. KAM Dev., L.L.C.*,
　No. 16 C 8604, 2016 U.S. Dist. LEXIS 175619 (N.D. Ill. Dec. 20, 2016) .........................11

*Design Basics LLC v. Siganture Constr., Inc*.
　994 F. 3d 879 (7th Cir. 2021) ...............................................................................................7

*Mid Am. Title Co. v. Kirk*,
 991 F.2d 417 (7th Cir. 1993) ................................................................................................5, 8

*Nextpulse, LLC v. Life Fitness, LLC*,
 No. 22 CV 03239, 2024 U.S. Dist. LEXIS 58860 (N.D. Ill. Mar. 31, 2024) ............................5

*Symbria, Inc. v. Callen*,
 No. 20-cv-4084, 2022 U.S. Dist. LEXIS 2719 (N.D. Ill. Jan. 6, 2022) .....................................5

*Tensor Grp. v. Glob. Web Sys.*,
 No. 96 C 4606, 1998 U.S. Dist. LEXIS 4574 (N.D. Ill. Mar. 31, 1998) .................................13

*Wildlife Express Corp. v. Carol Wright Sales, Inc.*,
 18 F.3d 502 (7th Cir. 1994) ...........................................................................................4, 5, 6

*Yeftich v. Navistar, Inc.*,
 722 F.3d 911 (7th Cir. 2013) .....................................................................................................4

**Federal Statutes**

17 U.S.C.S. § 101 ..............................................................................................................................13

17 U.S.C.S. § 102(a)(5) ....................................................................................................................13

17 U.S.C. § 410(c) .........................................................................................................................4, 5

I.      **PRELIMINARY STATEMENT**

Defendant Wondfo USA Co., Ltd.'s ("Defendant" or "Wondfo"), in filing its motion to dismiss under Fed. R. Civ. P. 12(b)(6), improperly asserts that the material contained in the product manual is an instruction and not copyrightable subject matter while ignoring the fact that the "Q&A" section of the brochure was copied almost verbatim from the copyrighted work, one example of which from the Complaint is shown below:



(D.I. 1, p. 4 "Complaint"). Wondfo simply ignores the portion of the Complaint filed by MFB Fertility Inc.'s ("MFB" or "Plaintiff") which identifies substantial similarity of the "Frequently Asked Questions" in its product manual and the copyrighted work:



(Id. p. 11). Instead, Wondfo argues that its infringement should be disregarded because the parties compete within a common industry.

Knowing it accessed and copied MFB's work, Wondfo focuses its argument on the erroneous contention that the instructions in the copyrighted work are: "rudimentary, commonplace, standard or unavoidable" in that they do not serve to distinguish one work from another. (D.I. 19, pp. 4-5). This ignores the pleadings which allege that the instructions are written specifically by the founder of the company for "at-home ovulation confirmation test and have been utilized by tens of thousands of women across the United States to assist with ovulation confirmation." (D.I. 1, p. 4).

MFB's Complaint has not only set forth sufficient facts identifying and demonstrating that it has a valid copyright, but that Wondfo has substantially copied numerous aspects of MFB's copyright. As alleged in MFB's Complaint and discussed in this brief, the similarities between MFB's registered copyright and Wondfo's infringing material are conspicuous. Further, Wondfo seeks to prematurely end this litigation by highlighting misguided similarities between this case, and a separate legal matter. (D.I. 19, p. 1). MFB's claims of copyright infringement should not be precluded by separate and distinct legal proceedings involving different copyright claims.

For the reasons set forth in detail below, MFB respectfully requests that this Court deny Wondfo's motion to dismiss.

**II.     FACTUAL BACKGROUND**

MFB expended considerable time, effort, and creativity in developing its product and the instructions that define the product. As explained in the Complaint, "MFB researches, develops, and sells in-home tests for fertility tracking purposes." (D.I. 1 ¶21). Plaintiff's founder and CEO, Dr. Amy Beckley, is a scientist with a PhD in Pharmacology and is a nationally recognized fertility expert. (Id. ¶22). Dr. Beckley invented a test that measures the presence of progesterone

metabolites in urine and allows women to confirm successful ovulation by tracking progesterone (PdG) levels at home. MFB promotes, offers for sale, and sells products utilizing such tests under the registered trademark PROOV®. (Id. ¶23). Ms. Beckley obtained U.S. Patent No. 11,131,665 for the method for evaluating urine to estimate the fertile window in which she described the invention:

> The present inventor has developed a method for evaluating a non-serum bodily fluid daily over a period of time multiple days for the presence of progesterone or an analyte of progesterone beyond a threshold to dectect for suboptimal corpus lutem functioning. The present inventor has relatedly developed a test device useful in association with evaluating the corpus luteum functioning.

(Ex. A, '665 Patent, col. 4:15-22). When created, Proov was the first, and only, FDA cleared at-home ovulation confirmation test and has been utilized by tens of thousands of women across the United States to assist with ovulation confirmation; and still is. (D.I. 1, ¶24). Ms. Beckley wrote a set of original instructions, as well as a set of questions and answers, relating to the invention to provide a simple practical procedure that can readily be applied by unskilled persons, e.g., in the home, to provide reliable information concerning confirmation of whether (1) ovulation has occurred, (2) whether progesterone levels are sufficient to support a pregnancy, and (3) other information relating to or deriving from the presence of progesterone in the body. (D.I. 1, ¶25). Wondfo has copied those instructions. MFB has properly sought to protect its intellectual property by filing for and receiving registration on the copyright at issue in this case, United States Copyright Certificate of Registration for the work "Ovulation Double Check," Registration No. TX 0008912832 ("MFB's Registered Copyright"), effective November 11, 2020. (Id. ¶25).

When MFB first came to market in 2017, it entered into a 10-month Distribution Agreement with a company called Easy Healthcare, whose preferred manufacturer at the time was Defendant, Wondfo. Before beginning work with Easy Healthcare and Wondfo, however, MFB required that all the parties execute confidentiality agreements to safeguard MFB's confidential,

proprietary and/or trade secret information. Defendant chose to enter the PDG ovulation testing market and compete with MFB in *2023* (which was its right), however, it does not have the legal right to copy and use MFB's copyrighted work product.

### III. LEGAL STANDARD

When analyzing a Rule 12(b)(6) motion to dismiss, "well-pleaded facts" must be construed "in the light most favorable to the plaintiffs. *Energy Intelligence Grp. v. Exelon Generation Co.,* No. 20-cv-3983, 2021 U.S. Dist. LEXIS 76688, at *2 (N.D. Ill. Apr. 21, 2021) citing *Taha v. Int'l Brotherhood of Teamsters,* Local 781, 947 F.3d 464, 469 (7th Cir. 2020); *Yeftich v. Navistar, Inc.,* 722 F.3d 911, 915 (7th Cir. 2013). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 1950 (2009).

To state a claim for copyright infringement, a plaintiff must allege "1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.,* 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). While minimal creativity is a requirement for establishing the validity of a copyright, "[t]he necessary degree of 'originality' is low, and the work need not be aesthetically pleasing to be 'literary.'" *ADA v. Delta Dental Plans Ass'n,* 126 F.3d 977, 979 (7th Cir. 1997). "A certificate of registration from the U.S. Register of Copyrights constitutes *prima facie* evidence of the validity of a copyright." *Wildlife Express Corp. v. Carol Wright Sales, Inc.,* 18 F.3d 502, 507 (7th Cir. 1994) citing 17 U.S.C. § 410(c).

IV. ARGUMENT

    A. **MFB Has Alleged a Valid and Protectible Copyright in Its Product Instructions**

In considering the allegations set forth in the Complaint, MFB has provided Wondfo with fair notice of its allegations of copyright infringement. MFB has also sufficiently stated a claim for copyright infringement. MFB has pleaded ownership of a registered copyright for the work titled "Ovulation Double Check," Registration No. No. TX 0008912832. (D.I. 1, ¶ 26). Under 17 U.S.C. § 410(c), "the certification of a registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate." A plaintiff need not allege facts beyond ownership of a valid copyright registration to satisfy the ownership pleading requirement. *Symbria, Inc. v. Callen,* No. 20-cv-4084, 2022 U.S. Dist. LEXIS 2719, at *42-43 (N.D. Ill. Jan. 6, 2022). Rebuttal of *prima facie* evidence of ownership is "inappropriate at the motion to dismiss stage." *Nextpulse, LLC v. Life Fitness, LLC,* No. 22 CV 03239, 2024 U.S. Dist. LEXIS 58860, at *11 (N.D. Ill. Mar. 31, 2024) ("It is well settled that in order to state a claim for copyright infringement, a complaint need allege only ownership, registration, and infringement. Other details of the claim can be obtained by discovery."); *see also Mid Am. Title Co. v. Kirk,* 991 F.2d 417, 421-22 (7th Cir. 1993) ; *Antsy Labs, LLC v. Individuals,* No. 22 C 1801, 2022 U.S. Dist. LEXIS 218881, at *6 (N.D. Ill. Dec. 5, 2022)("*"). "A certificate of registration from the U.S. Register of Copyrights constitutes *prima facie* evidence of validity of the copyright." *Wildlife Express Corp. v. Carol Wright Sales,* Inc., 18 F.3d 502, 509 (7th Cir. 1994) ("We turn to the validity of the copyright. To receive a copyright, the work must be original."). Here, MFB has gone beyond relying on the ownership alone, showing that the facts as pled demonstrate that the copyrights contain original work of authorship. It has shown the work was original and copied by Wondfo.

- 5 -

Contrary to Wondfo's arguments, the "precautions," "storage and use" and "Q&A" sections of MFB's copyright are original with respect to the MFB product. (see D.I. 19, p. 5). The "precautions," "storage and use" and "frequently asked questions" as pled, are original in that they have certain arrangement and order that is not dictated by the application of the product itself. For example, the elements describing the "precautions" section can be arranged in any order, not necessarily the order shown in the copyrighted work:

1. Store tests at room temperature (68-78º F) in the sealed pouch.
2. Keep away from direct sunlight, moisture, and heat.
3. Do not freeze.
4. Use immediately after opening pouch.
5. Pouch contains a test strip and desiccant. Desiccant is for storage purposes only.
6. Test usage after the expiration date printed on pouch may provide invalid results.

(D.I. 1, ¶¶ 30-33). Item 3, titled "Do not freeze" could be listed first, or item 4, titled "use immediately after opening," could be listed first. Each of the listed items could be arranged in any order without disturbing the product or test. The same is true for the "Storage and Stability" section in the product description. (Id.). Yet, Wondfo's arrangement is virtually identical.

"It is well established that 'selection, coordination, or arrangement of uncopyrightable facts in an original way is entitled to copyright protection.'" *GNU Bus. Info. Sys. v. Soc. Sec'y,* NO. 91 C 8215, 1993 U.S. Dist. LEXIS 16109, at *6 (N.D. Ill. Nov. 9, 1993) citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 359, 111 S. Ct. 1282, 1294 (1991). "User instructions are 'description[s] of how to most effectively use [the product]' and '[are] the proper subject of a copyright.'" *ABRO Indus. v. 1NEW Trade, Inc.,* No. 3:14-CV-1984-TLS, 2017 U.S. Dist. LEXIS 179792, at *23 (N.D. Ind. Oct. 30, 2017) citing *FMC Corp. v. Control Sols.,* Inc., 369 F. Supp. 2d 539, 561 (E.D. Pa. 2005). Even if the Court were to entertain Wondfo's argument that certain individual literary elements within MFB's registered copyright are not copyrightable, MFB has pleaded: "When considered in the aggregate, Defendant's advertisements and product descriptions

are substantially similar to Plaintiff's Copyrighted Material, including the selection and arrangement of points in the instructions." (D.I. 1, ¶ 45). MFB has therefore sufficiently pleaded that MFB's copyright could constitute an original compilation.

The cases cited by Wondfo are inapposite on the issue of originality. First, *Sassafras Enters. Inc. v. Roscho, Inc.* was decided on summary judgment, not at the motion to dismiss stage of the litigation. In *Sassafras,* the Court recognized that "selecting and arranging facts" in an original manner is copyrightable. 889 F. Supp. 343, 346 (N.D. Ill 1995). Here, the selection and arrangement of the literary elements is original. The same holds true for the "Q&A" section. There are hundreds, if not thousands, of questions that can be asked regarding the products. Yet, those chosen by MFB show the originality of the instructions. Second, in *Design Basics, LLC v. Siganture Constr., Inc*. 994 F. 3d 879, 889 (7th Cir. 2021), also decided on summary judgment, the Court focused on whether the copyright would prevent others from contributing to the genre because of the copyright. That is not the case here. The "storage and stability," "precautions," and "Q&A" can be described in numerous selections, coordination, and arrangements.

Notably, Wondfo fails to cite any controlling precedent demonstrating that dismissal of a copyright claim is proper at the 12(b)(6) stage when the plaintiff has properly alleged ownership of a registered copyright and copying. While Wondfo clings to the recently decided case, *MFB Fertility, Inc. v. Action Care Mobile Veterinary Clinic, LLC*, Case No. 1:23-CV-03854, Dkt. No. 35 (Apr. 22, 2024), the Court in *Action Care*, acknowledged that "instructions, promotional materials, and warnings" are entitled to copyright protection. *Id.* at 7. Further, the Court in *Action Care* took issue with allegations in the form of "fragmentary words and phrases" and "forms of expression dictated solely at functional considerations." *Id.* at 6. This is not the case here, as MFB has alleged verbatim and substantially similar copying of entire portions of original expressive elements of its copyright. Wondfo's argument that MFB does not have a protectible copyright is

therefore inappropriate at this stage of the litigation, and incomparable to the *Action Care* matter. Thus, the Court should deny Wondfo's motion to dismiss with respect to whether MFB has a protectible copyright.

### B. MFB Has Sufficiently Alleged That Wondfo Copied MFB's Registered Copyright

The law supports that the pleaded "copying" is sufficient. MFB has pleaded not only direct copying, but at a minimum, an inference of access and substantially similarity. The Seventh Circuit has established that copyright infringement pleadings need not "be held to a particularity requirement akin to Federal Rule of Civil Procedure 9(b)." *Mid Am. Title Co. v. Kirk,* 991 F.2d 417, 421 (7th Cir. 1993). A copyright owner is not required to prove infringement at the pleadings stage; they must only allege that a defendant made and used copies of the plaintiff's copyrighted work without the plaintiff's consent. *Golden v. Nadler Pritikin & Mirabelli,* No. 05 C 0283, 2010 U.S. Dist. LEXIS 134998, at *6 (N.D. Ill. Dec. 21, 2010). ("Read literally, this is an allegation that [the defendant], without consent or approval of the copyright holder, made copies and used the works. That is sufficient."). Here, MFB has alleged that Wondfo has copied MFB's registered copyright (D.I. 1, ¶¶ 54-56), that MFB has "promoted, offered for sale, and sold" products that display MFB's registered copyrights (Id., ¶ 28), and that Wondfo has done so without MFB's authorization (Id. at ¶¶ 7, 47, 56). MFB exceeded the pleading requirements by detailing specific materials that Wondfo copied. (Id. at ¶¶ 30-47). Although Wondfo would like for this Court to punish MFB for having done so, such a measure is inappropriate at this juncture.

Further, where copying cannot be proven by direct evidence, the Court may infer copying where "where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." *JCW Invs., Inc. v. Novelty, Inc.,* 482 F.3d 910, 915 (7th Cir. 2007). Substantial similarity is an objective test, whereby the Court determines "whether

the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value." *Id.* at 916. Wondfo has not contested access, and MFB has alleged Wondfo had access to MFB's copyright. (D.I. 1, ¶ 53).

In addition, Wondfo erroneously argues in favor of applying a more stringent standard than substantial similarity. (D.I. 19, pp. 7-8). Wondfo's copying here is obvious. While Wondfo relies heavily on *Action Care*, the Court in *Action Care* applied the substantial similarity test. *Action Care,* Case No. 1:23-CV-03854 at 27. In addition, in *Incredible Technologies, Inc. v. Virtual Technologies, Inc.,* 400 F.3d 1007, 1011 (7th Cir. 2005), the Court found that the district Court did not abuse its discretion in analyzing whether the plaintiff alleged identical copying. The alleged infringement in *Incredible Technologies* involved the defendant's alleged infringing use of "arrows" in on-screen video-game instructions to inform the user which direction to operate the game's buttons. The Court determined that the use of arrows was "hardly imaginative," and that the design of the arrows differed significantly. The identical arrangement here is different.

There is simply no reason to adopt Wondfo's proposed heightened pleading standard here. However, If the Court deems it necessary to impose the requirement of identical copying, MFB has sufficiently alleged, and can satisfy both substantial similarity and identicality.

Wondfo itself cannot provide a consistent application. In one breath, Wondfo argues that that MFB has not alleged "identical copying," while in another, it contends that "Wondfo's instructions ***are not sufficiently similar enough*** to MFB's instructions." (D.I. 19, p. 7)(emphasis added). Shortly thereafter, Wondfo concedes that "some excerpts from Wondfo's instructions share ***the same or similar wording*** as MFB's instructions." (D.I. 19, p. 8) (emphasis added). MFB agrees that the Complaint alleges Wondfo engaged in "identical copying" and "substantial similarity." (Id.).

In additional support of MFB's identical or at least nearly verbatim copying, MFB provided in its Complaint a side-by-side comparison showing each element copied by Wondfo. (D.I. 1, ¶ 30-47). Wondfo has chosen to simply ignore those sections of the Complaint. For example, the Complaint demonstrates that the "Storage and Stability" section of the Wondfo's instruction manual copied precisely the "Storage & Stability" section of the MFB Registered Copyright:



(D.I. 1, ¶¶ 30-33). The language, numbering, and arrangement are nearly identical. The same is true with respect to the "precautions" sections of the MFB Registered Copyright and Wondfo's infringing work:



(D.I. 1, ¶¶ 30-33). It is little wonder why Wondfo ignored these sections of the Complaint in its motion to dismiss.

There is more. The chart below incapsulates a brief portion of the extent of copying MFB has pleaded, and Wondfo has engaged in:

| Plaintiff's Copyrighted Material | Defendant's Infringing Material |
|---|---|
| 1. *Do I need to use first morning urine?* The Test is most accurate with first morning urine. For best results, only use first morning urine for testing. | 1) **Do I have to use first morning urine?** The test is most accurate with first morning urine. For best results, only use first morning urine for testing. |
| 2. *My test has two lines, that is a positive test right?* No, 2 lines is a negative result and 1 line is a positive result. | 2) **My test has two lines, that is a positive test right?** No, two lines indicate a negative result. One control line indicate a positive result. |
| 4. *I still see a very faint, greyish line in the test line area. Is my test positive?* Yes, occasionally there are compounds in the urine that react with the test line area and create a very slight greyish evaporation line. If your test has no pink color in the test line area, it is considered positive. | 4) **I see a very faint, greyish line in the Test line area. Is my test positive?** Yes, occasionally there are compounds in the urine that react with the test line area and create a very slight greyish line. If your test has no pink color in the test line area, it is considered positive. |
| 4. *Do alcohol or medications affect the results?* Yes, hormonal birth control (pills, patches, rings, etc.) and any medication containing natural or synthetic progesterone will affect your results. | 6) **Do alcohol or medications affect the results?** Alcohol, hormonal birth control (pills, patches, rings, etc.) and any medication containing natural or synthetic progesterone can affect your results. |
| 6. *I have taken these tests as directed and I never get a positive result, what is going on?* If you never get a positive result, you should consult with your physician and inform of this information. | 5) **I have taken these tests as directed and I am not getting a positive result, what should I do?** If you are not getting positive results, consult with your physician and inform them of this information. |
| 7. *I got a positive result, does that mean I ovulated?* In our research studies, home users reported positive Ovulation Double Check® results 3-6 days after suspected ovulation. Clinically, positive results were observed when serum progesterone was >10mg/ml. | 7) **I got a positive result, does that mean I ovulated?** In our research studies, most hormone users reported positive results 3-6 days after suspected ovulation. Clinically, positive results were observed when serum progesterone was >10mg/ml. |

(D.I. 19, ¶ 38-43). As can be seen above, Wondfo has copied verbatim the following literary element incorporated in MFB's registered copyright: "Do I need to use first morning urine? The Test is most accurate with first morning urine. For best results, only use first morning urine for testing." (D.I. 1, ¶ 38). Wondfo cannot therefore expect this Court to ignore Wondfo's verbatim and substantially similar copying. *Live Face on Web, LLC v. KAM Dev., L.L.C.*, No. 16 C 8604, 2016 U.S. Dist. LEXIS 175619, at *7-8 (N.D. Ill. Dec. 20, 2016). (Copyright infringement allegations were sufficient to withstand a 12(b)(6) motion where the plaintiff alleged the infringing software instructions were substantially similar to the plaintiff's "arbitrarily chosen" code).

Moreover, the manner in which Wondfo has copied MFB's copyrights is readily apparent. The Seventh Circuit has determined that "when the similarities concern details of such an arbitrary character that the probability that the infringer had duplicated them independently is remote, an inference of copying may be drawn without any additional evidence." *Bucklew v. Hawkins, Ash, Baptie & Co., LLP,* 329 F.3d 923, 926 (7th Cir. 2003). Here, when considering MFB's section titled "Storage & Stability," Wondfo has copied literary elements of MFB's copyright, and arranged them in the same order:



(D.I. 1, ¶ 40). The literary aspects of these sections include linguistic creativity, and specific selection and arrangement of information, in addition to the nearly verbatim copying. The language, and according to order of appearance of MFB's "Q&A's" are creative considerations that are inherent to MFB's copyright protection.

MFB has therefore sufficiently alleged that Wondfo copied MFB's registered copyright. This Court should accordingly deny Wondfo's motion to dismiss with respect to MFB's copying argument.

C.   **MFB has a Valid Interest in its "Ovulation Cycle Phases" Graph**

As stated in its prior arguments, MFB has pleaded identical and substantial copying.  Here, Wondfo argues that MFB's "Ovulation Cycles Phases" graph is "text and graphics" which do not qualify for copyright protection.  (D.I. 19, p. 10).  17 U.S.C.S. § 102(a)(5) includes "two-dimensional … charts, diagrams, models, and technical drawings" that have features "capable of existing independently of, the utilitarian aspects of the article." *Tensor Grp. v. Glob. Web Sys.,* No. 96 C 4606, 1998 U.S. Dist. LEXIS 4574, at *4 (N.D. Ill. Mar. 31, 1998) citing 17 U.S.C.S. § 101.  A side-by-side comparison of MFB's "Ovulation Cycles Phases" graph and Wondfo's copied graph can be seen below:



The side-by-side comparison reveals immediate substantial similarities between the two depictions.  For example, MFB's copyrighted graph contains aesthetically creative elements such as combination of colors (purple, red, green, pink, blue).  Specifically, in each graph, the section title "menstruation" is colored in red, the section titled "follicular phase" colored in "green" and the section titled "luteal phase" is colored in purple.  Additionally, in each graph, the level of "estrogen" is colored in blue, the "ovulation" bar is colored in pink, the level of "LH" is colored

in green, and the level of "progesterone" is colored in purple. In viewing the side-by-side comparison of the two graphs, the reasonable observer could determine that Wondfo's graph is substantially similar to MFB's graph. The copying shown here further supports the pattern of copying by Wondfo alleged throughout the Complaint.

V.     CONCLUSION

Plaintiff MFB has sufficiently alleged (1) ownership of a valid copyright and (2) that Wondfo has copied MFB's registered copyright. Thus, MFB respectfully requests an order denying Wondfo's motion to dismiss MFB's Complaint for Copyright Infringement.

Respectfully submitted,

_____/s/ Dean D. Niro_____
Dean D. Niro (ARDC # 6208064)
Arthur A. Gasey (ARDC # 6210605)
Nicholas D. Niro (ARDC # 6345897)
VITALE, VICKREY, NIRO, SOLON & GASEY LLP
311 S. Wacker Dr., Suite 2470
Chicago, IL 60606
Tel.: (312) 236-0733
Fax: (312) 236-3137
dniro@vvnlaw.com
gasey@vvnlaw.com

Of Counsel:

Gary I. Blackman (ARDC # 6187914)
Erin M. Mayer (ARDC # 6313447)
LEVENFELD PEARLSTEIN, LLC
130 N. Riverside Plaza, Suite 1800
Chicago, IL 60606
Tel.: (312) 346-8380
Fax: (312) 346-8434
gblackman@lplegal.com
emayer@lplegal.com

*Attorneys for Plaintiff,
MFB Fertility, Inc.*