IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MFB FERTILITY INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-17000 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| WONDFO USA CO., LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF**
**DEFENDANT WONDFO USA CO., LTD.'S MOTION TO DISMISS**

Defendant Wondfo USA Co., Ltd. ("Wondfo"), by and through its undersigned counsel, respectfully files this Reply in Support of its Motion to Dismiss Plaintiff MFB Fertility Inc.'s ("MFB") Complaint in its entirety and with prejudice under Federal Rule of Civil Procedure 12(b)(6) (the "Motion").

MFB does not dispute that it has sent DMCA take-down notices and filed copyright infringement lawsuits against *every single competitor* that has attempted to sell a PdG ovulation test online in the United States. Nor does MFB dispute that no such claim has yet overcome a motion to dismiss. This Court should similarly dismiss the Complaint and notch another ruling against MFB in its transparent campaign to maintain a monopoly via abuse of the DMCA and meritless copyright claims.

At the outset, MFB does not meaningfully dispute that the actual substance of its instructions is dictated by utilitarian concern (including federal regulations), ubiquitous, and consists of non-protectible *scènes à faire*. While MFB attempts to rely on the arrangement and order of certain elements to salvage a protectible interest, such ordering is neither creative nor the product of any legally cognizable level of originality. The ordering is, at best, random, and more

than likely also dictated by utilitarian concern and therefore not protectible under copyright law. Moreover, even assuming *arguendo* that some aspect of MFB's instructions have creative value, Wondfo's instructions differ sufficiently to avoid infringement as a matter of law.

Similarly, MFB does not dispute that the factual basis for the graph accompanying its instruction is not protectible. Instead, MFB points to its choice to use five basic colors for various elements of the graph, but the selection of colors for use in a graph is neither creative nor protectible.

Accordingly, MFB's Complaint should be dismissed in its entirety, with prejudice.

## I.     MFB HAS NO PROTECTIBLE INTEREST IN ITS INSTRUCTIONS

### 1.     MFB Does Not Dispute that the Actual Substance of Its Instructions is Not Protectible.

MFB does not meaningfully dispute that the substance of its instructions, i.e., facts, are not protectible. MFB only states that Wondfo "ignores the pleadings which allege that the instructions are written specifically by the founder of the company for 'at-home ovulation confirmation test[sic] and have been ***utilized*** by tens of thousands of women across the United States to assist with ovulation confirmation.'" Resp. at 2 (citing Compl. at 4) (emphasis added). This is exactly the point: the very purpose of the instructions was to be "utilized" and a work is not subject to copyright protection where its content is dictated by utilitarian concern separate from the author's creativity. *Incredible Technologies, Inc. v. Virtual Technologies, Inc.*, 400 F.3d 1013–14 (7th Cir. 2005); *Sassafras Enterprises, Inc. v. Roshco, Inc.*, 889 F. Supp. 343, 346–47 (N.D. Ill. 1995).

***First***, MFB does not dispute that the substance of the asserted materials is dictated by utilitarian concerns and so ubiquitous that the ideas "merge" with the expression, rendering the expression unprotectible. *See Design Basics, LLC v. Signature Constr., Inc.*, 994 F.3d 879, 889

(7th Cir. 2021). As discussed in Wondfo's Motion, there are only so many ways to express that a test should be used with first morning urine, should be used immediately after being removed from the packaging, provides accurate results between five and ten minutes after use, shows a positive result via one line and a negative result via two pink lines, and can be affected by alcohol or medications, etc., concepts common to many similar products. Motion at 5–6. MFB does not dispute this.

*Second*, MFB does not dispute that the substance of its instructions is rudimentary, commonplace, standard, or unavoidable *scènes à faire*. That is, MFB's statements as to how a fertility test strip works, when to use it, how to use it, how to interpret the results, how to store it, relevant precautions, and frequently asked questions are "so rudimentary, commonplace, standard, or unavoidable that they do not serve to distinguish [MFB's instructions] works from [instructions for similar health test strips]." *Lexington Homes*, 858 F.3d at 1102 (quoting *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 102 (2d Cir. 2014)); *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 929 (7th Cir. 2003); *see* Motion at 6–7.

*Finally*, MFB fails to address the fact that much of the substance of both sets of instructions is directed at and restricted by FDA regulations, which illuminates why, in the context of health products, it is especially important to scrutinize the creative value, as compared to strictly utilitarian aspects, of product packaging and instructions. MFB correctly acknowledges that it is Wondfo's "right" to compete with MFB; however, to hold that Wondfo and other competitors, when releasing a competing product, must necessarily choose between violating copyright law or FDA regulations would completely eviscerate that right. As the court in *MFB Fertility, Inc. v. Action Care Mobile Veterinary Clinic, LLC*, No. 23 CV 3854, 2024 WL 1719347 (N.D. Ill. Apr. 22, 2024) aptly observed with respect to similar copyright claims brought by MFB against Action

3

Care, such "functional, regulated language is precisely the 'expression' that MFB improperly claims intellectual property over." *Id*. at *5; *see* Motion at 7.

>    **2.**    **MFB's Selection and Ordering of Points Is Not Protectible Creative Expression.**

Having failed to address the numerous reasons why the substance of (the facts underlying) its instructions are not protectible, MFB relies entirely on its allegation that the "selection and arrangement of points in the instructions . . . could constitute an original compilation." Resp. at 5–7 (quoting Compl. ¶ 45). However, on a motion to dismiss, a court is "not obliged to accept as true conclusory statements of law or unsupported conclusions of fact." *McLeod v. Arrow Marine Transport, Inc.*, 258 F.3d 608, 614 (7th Cir. 2001). On their face, the selections and arrangements in question lack the requisite creativity and originality.

The ordering of the six items in the "Storage & Stability" section and the eight items in the "Precautions" section (Wondfo's instructions actually only include seven items) of MFB's instructions are not protectible. MFB argues that "[e]ach of the listed items could be arranged in any order without disturbing the product or test." Resp. at 6. But the mere fact that the six to eight items—like any items in a list—could be in some other conceivable order is not the test. Rather, the question is one of creativity. Even if an author can be said to have "dispatched their assigned task—a description of the care and use of [a product]—with ability [and] professionalism[,]" protectability turns on whether a "selection and arrangement . . . exhibits the requisite level of skill and discretion" and "flows from . . . the imagination of [an] independent author." *Sassafras*, 889 F. Supp. at 346. MFB fails to identify any creative aspect of the ordering and, indeed, there is nothing creative about listing "do not freeze" either before or after "do not expose to sunlight." To the extent there is any non-random aspect of the ordering, it is driven purely by utilitarian concern.

4

For example, it is hardly surprising that a section titled "Storage & Stability" would first begin with general storage instructions ("[s]tore tests at room temperature . . . in the sealed pouch") and then move on to further warnings, qualifications, and explanations. *See* Compl. ¶¶ 30–33.

The same is true of the "Q&A" section of MFB's instructions. MFB argues: "There are hundreds, if not thousands, of questions that can be asked regarding the products. Yet, those chosen by MFB show the originality of the instructions." Resp. at 7. MFB again misses the mark: MFB's observation is true of any publication, whether protectible or not. For instance, there may be hundreds, if not thousands, of facts that can be expressed relating to any product. The vast majority of those possible statements of fact are obviously unhelpful. The question is whether the selection of certain factual statements amounts to a creative expression. *See Sassafras*, 889 F. Supp. at 346. Again, the selection is at best driven by utilitarian concern—what is important for a customer using the product (and what disclosures do FDA regulations require)?

The cases cited by MFB are inapposite. *ABRO Indus., Inc. v. 1 NEW Trade, Inc*., No. 3:14-CV-1984-TLS, 2017 WL 4954698, at *6 (N.D. Ind. Oct. 30, 2017) only stands for the proposition that user instructions might be protectible. It does not displace the creativity and originality requirement. In fact, for instance, the *ABRO* court admitted that "choices as to selection and arrangement" are original only "so long as they are made independently by the compiler and entail a minimal degree of creativity." And *GNU Bus. Info. Sys. v. Soc. Sec'y,* NO. 91 C 8215, 1993 U.S. Dist. LEXIS 16109, at *6 (N.D. Ill. Nov. 9, 1993) simply reinforces the notion that selections and arrangements of facts must be arranged "***in an original way***"—which, as discussed above, MFB's lists are not—to warrant copyright protection.

Likewise, MFB's attempt to distinguish *Sassafras* and *Design Basics* falls flat. MFB's main objection is that those cases were decided on summary judgment. *See* Resp. at 6. However,

the holding of those cases is clear (*see Design Basics, LLC v. Signature Constr., Inc.*, 994 F.3d 879, 889 (7th Cir. 2021) ("If an idea or procedure can be expressed in only a few ways, it is easy to copyright every form in which the idea can be expressed, indirectly protecting the idea itself."; *see supra* at 2 (discussing *Sassafras*)), and there is no reason for the parties to engage in protracted litigation—especially over a complaint that was filed solely to support a DMCA takedown campaign—where there is no dispute over the text of the alleged publication that MFB asserts is protectible under copyright law.  Indeed, this is exactly the exercise that the *Action Care* court engaged in.  *See MFB Fertility, Inc. v. Action Care*, 2024 WL 1719347 at *5 (determining that language from MFB's instructions were not unique, original, or protectible expression); *see also Meynart-Hanzel v. Turner Broad. Sys.*, No. 17 C 6308, 2018 WL 4467147, at *7 (N.D. Ill. Sept. 18, 2018) ("first consider[ing] certain elements and features of creative works that are excluded from protection" when deciding motion to dismiss).

## II.     WONDFO'S INSTRUCTIONS DO NOT INFRINGE.

To be clear, the fact that Wondfo does not identify any creative, original, protective interest is dispositive.  *See* Motion at 2–7; *supra* at 2–5.  However, even if some aspect of MFB's instructions for use is protectible, Wondfo's instructions are not sufficiently similar enough to MFB's instructions to infringe.  Wondfo's Motion sets forth numerous ways in which Wondfo's instructions differ from MFB's instructions.  *See* Motion at 7–10.  MFB's Response attempts to point to certain excerpts of Wondfo's instructions that allegedly resemble MFB's instructions.[1] See Resp. at 8–12.  However, any analogous language that might be protectible (all assumptions in MFB's favor) amounts to either mere "fragmentary words and phrases" or "forms of expression

---

[1] MFB's reproduction of these excerpts actually emphasizes the point that none of the claimed language is protectible.  *See supra* at 2–5.

dictated solely at functional considerations." *See MFB Fertility, Inc. v. Action Care*, 2024 WL 1719347 at *5. Therefore, there is no copying of any actionable expression.

### III. WONDFO STILL HAS NOT IDENTIFIED ANY PROTECTIBLE INTEREST IN THE ACCOMPANYING GRAPH.

MFB has failed to identify any protectible interest in its "ovulation cycle phases" graph. Importantly, MFB does not dispute that: (i) text and graphics based on factual data do not qualify for protection as they fail to meet the minimum standards of originality required for copyright protection; and (ii) both MFB and Wondfo's graphs simply convey the same factual data (i.e., hormone levels at various ovulation cycle phases). *See Incredible Techs., Inc.*, 400 F.3d at 1013 (graphical instructions not creative expressions worthy of copyright protection); *Seng-Tiong Ho v. Taflove*, 648 F.3d 489 (7th Cir. 2011) (equations, figures, and text used to express atomic model not subject to copyright, absent evidence that model could be expressed by equations, figures, and text other than those used by model's originators); *see also Baker v. Selden*, 101 U.S. 99, 103 (1879) (copyright on a work of mathematical science conveys no exclusive right in the diagrams used to explain the underlying method).

Indeed, the only "creative element"—i.e. the only alleged protectible interest—that MFB identifies in the graph is the coloring. According to MFB, Wondfo picked shades of the same five basic color ranges as MFB: "MFB's copyrighted graph contains aesthetically creative elements such as combination of colors (purple, red, green, pink, blue)." However, it is black-letter law that "lettering or coloring" is "not subject to copyright." 37 C.F.R. § 202.1; *see also* U.S. Copyright Office, Compendium II: Compendium of Copyright Office Practices § 503.02(a) (1984) ("Mere coloration cannot support a copyright even though it may enhance the aesthetic appeal or commercial value of a work."); *Daniels v. Walt Disney Co.*, 958 F.3d 767, 772 (9th Cir. 2020)

("The notion of using a color to represent a mood or emotion is an idea that does not fall within the protection of copyright.").

MFB has failed to identify—and Wondfo has not been able to find—any authority whatsoever holding that the colors used in a factual graph constitute protectible creative "material of substance and value." *Incredible Techs., Inc.*, 400 F.3d at 1011. In fact, the single case cited by MFB only establishes that there is some question as to whether a drawing of a physical article (in that case a printing press) has creative features independent from the utilitarian aspects of the physical article itself, which is clearly not at issue in this case. *See Tensor Grp., Inc. v. Glob. Web Sys., Inc.*, No. 96 C 4606, 1998 WL 157068, at *2 (N.D. Ill. Mar. 31, 1998). To permit MFB to have a monopoly over the use of a collection of a few basic colors in a factual graph (e.g. red representing menstruation) would extend copyright protection well beyond what courts across the country have thus far recognized.

## V.   CONCLUSION

Wherefore, for the foregoing reasons, Defendant Wondfo USA Co., Ltd. respectfully requests that this Court dismiss each of Plaintiff's claims with prejudice under Federal Rule of Civil Procedure 12(b)(6). Wondfo also respectfully requests that the Court award any and all further relief that it deems just and necessary.

8

Dated:  June 24, 2024

Respectfully submitted,

*/s/ Abram I. Moore*
Abram I. Moore
AMoore@Venable.com
Nelson M. Hua
NMHua@Venable.com
**VENABLE LLP**
227 West Monroe Street, Suite 1900
Chicago, IL 60606
Telephone: (312) 820-3400
Facsimile: (312) 820-3401

*Counsel for Defendant Wondfo USA Co., Ltd.*

9

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on June 24, 2024, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, which will send an electronic copy of the foregoing to counsel of record and constitutes service pursuant to Local Rule 5.9 of the Northern District of Illinois.


*/s/ Abram I. Moore*
Abram I. Moore