## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MFB FERTILITY INC., | |
| Plaintiff, | Case No. 23-cv-17000 |
| v. | Judge Robert W. Gettleman<br>Magistrate-Judge Gabriel A. Fuentes |
| WONDFO USA CO., LTD., | JURY TRIAL DEMANDED |
| Defendant | |

## DEFENDANT WONDFO USA CO., LTD.'S
## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant Wondfo USA Co., Ltd. ("Wondfo") hereby submits its Answer and

Affirmative Defenses to Plaintiff MFB Fertility Inc.'s ("MFB") Amended Complaint and its

Counterclaim against MFB as follows:

## NATURE OF THE CASE

1.      This is an action for copyright infringement.

RESPONSE: Wondfo admits that the Amended Complaint purports to bring a claim for

copyright infringement.

2.      Plaintiff, MFB Fertility Inc. researches, develops, and sells in-home tests for

fertility tracking purposes.

RESPONSE: Wondfo is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 2 of the Amended Complaint and therefore denies the

same.

3.     MFB's in-home fertility tests (the "MFB products") are offered for sale in the United States measure the presence of progesterone metabolites in urine. Progesterone is a hormone produced in the ovaries after ovulation has occurred. The MFB products allow couples to better monitor their fertility at home.

RESPONSE: Wondfo admits progesterone is a hormone produced in the ovaries after ovulation has occurred. Wondfo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Amended Complaint and therefore denies the same.

4.     The MFB products were the first at home ovulation confirmation test to obtain clearance by the United States Food and Drug Administration.

RESPONSE: Wondfo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Complaint and therefore denies the same.

5.     The MFB products have been utilized by tens of thousands of women across the United States to assist with ovulation confirmation.

RESPONSE: Wondfo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint and therefore denies the same.

6.     Defendant, Wondfo, is an online retailer that sells progesterone test strips called the "Wondfo Progesterone (PDG) Urine Test" on Amazon and other channels.

RESPONSE: Wondfo admits that it manufactures its own brand name products that it makes available through online outlets. Wondfo denies that it currently sells progesterone test strips on Amazon, as MFB caused Amazon to remove the listing for that product.

2

7.     Without authorization from MFB, Wondfo copied and distributed MFB's copyrighted instruction materials as part of Wondfo's instructions for using the Wondfo Progesterone (PDG) Urine Test (the "Wondfo instructions") which are packaged and distributed with that product.

RESPONSE: Deny.

8.     Wondfo's unlawful conduct constitutes copyright infringement.

RESPONSE: Paragraph 8 of the Amended Complaint states legal conclusions, to which no response is required. To the extent that a response is required, Wondfo denies the allegations in Paragraph 8 of the Amended Complaint.

9.     This Complaint seeks equitable and legal relief from Wondfo for its willful infringement of MFB's copyrights.

RESPONSE: Wondfo admits that the Amended Complaint purports to seek equitable and legal relief for alleged infringement. Wondfo denies the remaining allegations in Paragraph 9 of the Amended Complaint.

## **PARTIES**

10.     MFB is a Delaware corporation with a principal place of business in Boulder, Colorado.

RESPONSE: Wondfo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint and therefore denies the same.

11.     Wondfo is an Illinois corporation with a principal place of business at 545 Willowbrook Parkway, Unit B, Willowbrook, Illinois, 60527.

RESPONSE: Admit.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over the subject matter of this action pursuant to the Copyright Act of 1976, as amended, 17 U.S.C. § 101, et seq.  This Court has original jurisdiction over this action under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b), and 15 U.S.C. § 1121 and other applicable statutes.

RESPONSE: Paragraph 12 of the Amended Complaint states legal conclusions, to which no response is required. To the extent that a response is required, Wondfo denies the allegations in Paragraph 12 of the Amended Complaint.

13.     This Court has personal jurisdiction over Wondfo as it has a place of business located in this judicial district.

RESPONSE: Paragraph 13 of the Amended Complaint states legal conclusions, to which no response is required. To the extent that a response is required, Wondfo denies the allegations in Paragraph 13 of the Amended Complaint.

14.     This Court has personal jurisdiction over Wondfo because Wondfo transacts business in this District, and Wondfos products sold with the infringing Wondfo instruction manuals have been promoted, distributed, offered for sale, and sold within this judicial district.

RESPONSE: Paragraph 14 of the Amended Complaint states legal conclusions, to which no response is required. To the extent that a response is required, Wondfo denies the allegations in Paragraph 14 of the Amended Complaint.

15.     Defendant conducts business through its website store on Amazon.com. Defendant's products sold with the infringing Wondfo instructions are available for purchase through Amazon.com, including to Illinois residents of this judicial district.

RESPONSE: Wondfo admits that it sells certain products on Amazon.com. Wondfo denies the remaining allegations in Paragraph 15 of the Amended Complaint.

16.     Defendant has known of Plaintiff's copyright rights and continues to use Plaintiff's copyright to benefit the sales of its Progesterone (PDG) Urine Test.  By doing so, Defendant has intentionally caused harm to Plaintiff in this district.

RESPONSE: Deny.

17.     Defendant has directed its misuse and infringement of Plaintiff's copyright in the State of Illinois, with knowledge that Plaintiff's injury would occur in the State of Illinois.

RESPONSE: Deny.

18.     This Court has personal jurisdiction over Defendant, as Defendant is engaged in copyright infringement directed at persons and entities residing in, located in or doing business in this district.

RESPONSE: Paragraph 18 of the Amended Complaint states legal conclusions, to which no response is required. To the extent that a response is required, Wondfo denies the allegations in Paragraph 18 of the Amended Complaint.

19.     Defendant has purposefully availed itself of the privileges of conducting business in this judicial district and has established at sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being sued in a court in Illinois.

RESPONSE: Paragraph 19 of the Amended Complaint states legal conclusions, to which no response is required. To the extent that a response is required, Wondfo denies the allegations in Paragraph 19 of the Amended Complaint.

20.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because Defendant does business in this District and is subject to personal jurisdiction in this District.

RESPONSE: Paragraph 20 of the Amended Complaint states legal conclusions, to which no response is required. To the extent that a response is required, Wondfo denies the allegations in Paragraph 20 of the Amended Complaint.

## BACKGROUND OF FACTS

21.    Plaintiff MFB researches, develops, and sells in-home tests for fertility tracking purposes.

RESPONSE: Wondfo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint and therefore denies the same.

22.    Plaintiff's founder and CEO, Dr. Amy Beckley, is a scientist with a PhD in Pharmacology and is a nationally recognized fertility expert.

RESPONSE: Wondfo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint and therefore denies the same.

23.    In 2016, after experiencing her own fertility challenges, Dr. Beckley invented a test that measures the presence of progesterone metabolites in urine and allows women to confirm successful ovulation by tracking progesterone (PdG) levels at home.  MFB promotes, offers for sale, and sells products utilizing such tests under the trademark PROOV®.

RESPONSE: Wondfo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint and therefore denies the same.

24.     Products offered under the PROOV® brands were the first to obtain FDA approval as an at-home ovulation confirmation test and have been utilized by tens of thousands of women across the United States to assist with ovulation confirmation.

RESPONSE: Wondfo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Amended Complaint and therefore denies the same.

25.     PROOV® branded products are particularly concerned with simple practical procedures that can readily be applied by unskilled persons, e.g., in the home, to provide reliable information concerning confirmation of whether ovulation has occurred, whether progesterone levels are sufficient to support a pregnancy, and other information relating to or deriving from the presence of progesterone in the body.  In further with the sales of such products, MFB has created works to guide its users in such procedures and to address questions that its customers may have.  One such work is the subject of MFB's copyright claim.

RESPONSE: Wondfo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint and therefore denies the same.

## MFB'S REGISTERED COPYRIGHT

26.     MFB owns all right, title and interest in the United States Copyright Certificate of Registration for the work "Ovulation Double Check," Registration No. TX 0008912832

7

("MFB's Registered Copyright"), effective November 11, 2020, and has standing to sue for enforcement of that copyright.

RESPONSE: Paragraph 26 of the Amended Complaint states legal conclusions, to which no response is required. To the extent that a response is required, Wondfo denies the allegations in Paragraph 26 of the Amended Complaint.

27.     MFB's Copyrighted Material that is the subject of Registration No. TX 0008912832 (MFB's "Copyrighted Material") is an original work of authorship in the form of a compilation comprising text, photographs, and artwork fixed in a tangible medium.

RESPONSE: Paragraph 27 of the Amended Complaint states legal conclusions, to which no response is required. To the extent that a response is required, Wondfo denies the allegations in Paragraph 27 of the Amended Complaint.

28.     Defendant has promoted, advertised, offered for sale, and sold products which included instructions and product descriptions that are substantially similar to MFB's Registered Copyright.

RESPONSE: Deny.

29.     Defendant has copied MFB's Copyrighted Material and violated MFB's Registered Copyright.  As can be seen below, Defendant's product instructions for use of the Wondfo Progesterone (PdG) Urine Test name uses a combination and sequence of descriptions and phrases that are substantially similar to Plaintiff's Copyrighted Material:





RESPONSE: Wondfo admits the image displayed on the right in Paragraph 29 of the Amended Complaint reproduces part of a former Wondfo product guide. Wondfo is without knowledge or information sufficient to form a belief as to the accuracy of the image displayed on the left in Paragraph 29 of the Amended Complaint and therefore denies the same. Wondfo denies the remaining allegations in Paragraph 29 of the Amended Complaint.

30. For example, the order and selection of points in the "STORAGE AND STABILITY" section of the MFB's Copyrighted Material was copied and used in the Defendants' infringing work:

9



RESPONSE: Wondfo admits the image displayed on the right in Paragraph 30 of the Amended Complaint reproduces part of a former Wondfo product guide. Wondfo is without knowledge or information sufficient to form a belief as to the accuracy of the image displayed on the left in Paragraph 30 of the Amended Complaint and therefore denies the same. Wondfo denies the remaining allegations in Paragraph 30 of the Amended Complaint.

31.     The "Storage & Stability" section of the Defendant's instruction manual copies the "Storage & Stability" section of the MFB Copyrighted Material and the MFB Registered Copyright:



RESPONSE: Wondfo admits the image displayed on the right in Paragraph 31 of the Amended Complaint reproduces part of a former Wondfo product guide. Wondfo is without knowledge or information sufficient to form a belief as to the accuracy of the image displayed on the left in Paragraph 31 of the Amended Complaint and therefore denies the same. Wondfo denies the remaining allegations in Paragraph 31 of the Amended Complaint.

32.     As a further example, the order and selection of points in the "PRECAUTIONS" section of the MFB Copyrighted Material and the MFB Registered Copyright was copied and used in the Defendants' infringing work, including arbitrary capitalization (see e.g., the use of "Do" to start point 3 and "DO" to start point 4):



RESPONSE: Wondfo admits the image displayed on the right in Paragraph 32 of the Amended Complaint reproduces part of a former Wondfo product guide. Wondfo is without knowledge or information sufficient to form a belief as to the accuracy of the image displayed on the left in Paragraph 32 of the Amended Complaint and therefore denies the same. Wondfo denies the remaining allegations in Paragraph 32 of the Amended Complaint.

33.     In addition, the order and selection of points in the "INSTRUCTIONS FOR USE" section of the MFB Copyrighted Material and the MFB Registered Copyright is substantially similar to that used in the Defendants' infringing work:



RESPONSE: Wondfo admits the image displayed on the right in Paragraph 33 of the Amended Complaint reproduces part of a former Wondfo product guide. Wondfo is without knowledge or information sufficient to form a belief as to the accuracy of the image displayed on the left in Paragraph 33 of the Amended Complaint and therefore denies the same. Wondfo denies the remaining allegations in Paragraph 33 of the Amended Complaint.

34. The first ordered instruction in the Defendant's infringing material is substantially similar to the statement "Collect first morning urine in a clean, dry plastic or glass container…" in the MFB Copyrighted Material and the MFB Registered Copyright as shown below:



RESPONSE: Wondfo admits the image displayed on the right in Paragraph 34 of the Amended Complaint reproduces part of a former Wondfo product guide. Wondfo is without knowledge or information sufficient to form a belief as to the accuracy of the image displayed on the left in Paragraph 34 of the Amended Complaint and therefore denies the same. Wondfo denies the remaining allegations in Paragraph 34 of the Amended Complaint.

35.      The second and third ordered instruction in the Defendant's infringing material is substantially similar to the statement "2. Remove the test strip form the sealed pouch." and" and "3. Dip the strip into the urine for 5 seconds with the arrows pointing toward the urine.  Lat the strip flat on a clean surface" in the MFB Copyrighted Material and the MFB Registered Copyright.  The Defendant's even copied the warning in the MFB Copyrighted Material and the MFB Registered Copyright as shown below:



RESPONSE: Wondfo admits the image displayed on the right in Paragraph 35 of the Amended Complaint reproduces part of a former Wondfo product guide. Wondfo is without knowledge or information sufficient to form a belief as to the accuracy of the image displayed on the left in Paragraph 35 of the Amended Complaint and therefore denies the same. Wondfo denies the remaining allegations in Paragraph 35 of the Amended Complaint.

36.     The fourth ordered instruction in the Defendant's infringing material is substantially similar to the statement "Read the results in 5 minutes. Do not read the results after 10 minutes." in the MFB Copyrighted Material and the MFB Registered Copyright as shown below:



RESPONSE: Wondfo admits the image displayed on the right in Paragraph 36 of the Amended Complaint reproduces part of a former Wondfo product guide. Wondfo is without knowledge or information sufficient to form a belief as to the accuracy of the image displayed on the left in Paragraph 36 of the Amended Complaint and therefore denies the same. Wondfo denies the remaining allegations in Paragraph 36 of the Amended Complaint.

37.     In addition, the language and selection of points in the "Frequently Asked Questions" ("FAQ") section of the Plaintiff's copyrighted work is substantially similar to that used in the Defendants' infringing work:



RESPONSE: Wondfo admits the image displayed on the right in Paragraph 37 of the Amended Complaint reproduces part of a former Wondfo product guide. Wondfo is without knowledge or information sufficient to form a belief as to the accuracy of the image displayed on the left in Paragraph 37 of the Amended Complaint and therefore denies the same. Wondfo denies the remaining allegations in Paragraph 37 of the Amended Complaint.

38.     The first question in the FAQ section of the Defendant's infringing material is substantially similar to the first Q&A in the MFB Copyrighted Material and the MFB Registered Copyright "Do I need to use first morning urine?" as well as the response as shown below:



RESPONSE: Wondfo admits the image displayed on the right in Paragraph 38 of the Amended Complaint reproduces part of a former Wondfo product guide. Wondfo is without knowledge or information sufficient to form a belief as to the accuracy of the image displayed on the left in Paragraph 38 of the Amended Complaint and therefore denies the same. Wondfo denies the remaining allegations in Paragraph 38 of the Amended Complaint.

39.     The second question in the FAQ section of the Defendant's infringing material is substantially similar to the second Q&A in the MFB Copyrighted Material and the MFB Registered Copyright "My test has two lines, that is a positive test right?" as well as the response as shown below:



RESPONSE: Wondfo admits the image displayed on the right in Paragraph 39 of the Amended Complaint reproduces part of a former Wondfo product guide. Wondfo is without knowledge or information sufficient to form a belief as to the accuracy of the image displayed on the left in Paragraph 39 of the Amended Complaint and therefore denies the same. Wondfo denies the remaining allegations in Paragraph 39 of the Amended Complaint.

40.     The fourth question in the FAQ section of the Defendant's infringing material is substantially similar to the fourth Q&A in the MFB Copyrighted Material and the MFB Registered Copyright "I still see a very faint, greyish line in the test line area.  Is my test accurate?" as well as the response as shown below:



RESPONSE: Wondfo admits the image displayed on the right in Paragraph 40 of the Amended Complaint reproduces part of a former Wondfo product guide. Wondfo is without knowledge or information sufficient to form a belief as to the accuracy of the image displayed on the left in Paragraph 40 of the Amended Complaint and therefore denies the same. Wondfo denies the remaining allegations in Paragraph 40 of the Amended Complaint.

41.    The sixth question in the FAQ section of the Defendant's infringing material is substantially similar to the fourth Q&A in the MFB Copyrighted Material and the MFB Registered Copyright "Do alcohol or medications affect the results?" as well as the response as shown below:



RESPONSE: Wondfo admits the image displayed on the right in Paragraph 41 of the Amended Complaint reproduces part of a former Wondfo product guide. Wondfo is without knowledge or information sufficient to form a belief as to the accuracy of the image displayed on the left in Paragraph 41 of the Amended Complaint and therefore denies the same. Wondfo denies the remaining allegations in Paragraph 41 of the Amended Complaint.

42. The fifth question in the FAQ question section of the Defendant's infringing material is substantially similar to the sixth Q&A in the MFB Copyrighted Material and the MFB Registered Copyright "I have taken these test as directed and I never get a positive result, what is going on?" as well as the response as shown below:



RESPONSE: Wondfo admits the image displayed on the right in Paragraph 42 of the Amended Complaint reproduces part of a former Wondfo product guide. Wondfo is without knowledge or information sufficient to form a belief as to the accuracy of the image displayed on the left in Paragraph 42 of the Amended Complaint and therefore denies the same. Wondfo denies the remaining allegations in Paragraph 42 of the Amended Complaint.

43. The seventh question in the FAQ section of the Defendant's infringing material is substantially similar to the seventh Q&A in the MFB Copyrighted Material and the MFB Registered Copyright "I got a positive result, does that mean I ovulated?" as well as the response as shown below:



RESPONSE: Wondfo admits the image displayed on the right in Paragraph 43 of the Amended Complaint reproduces part of a former Wondfo product guide. Wondfo is without knowledge or information sufficient to form a belief as to the accuracy of the image displayed on the left in Paragraph 43 of the Amended Complaint and therefore denies the same. Wondfo denies the remaining allegations in Paragraph 43 of the Amended Complaint.

44.     When considered in the aggregate, Defendant's advertisements and product descriptions are substantially similar to Plaintiff's Copyrighted Material, including the selection and arrangement of points in the instructions.

RESPONSE: Deny.

45.     Defendant's promotion, advertisement, offer for sale, and sale of products including Wondfo instructions which use Plaintiff's Copyrighted Material has resulted in damages to Plaintiff and caused Plaintiff irreparable injury.

RESPONSE: Deny.

46.     Defendant does not have, nor has it ever sought, Plaintiff's authorization for the promotion, advertisement, offer for sale, and sale of products using Plaintiff's Copyrighted Material.

RESPONSE: Admit.

## COUNT I: COPYRIGHT INFRINGEMENT

47.     Plaintiff incorporates all prior allegations as if set forth fully herein.

RESPONSE: Wondfo incorporates its response to all prior allegations as if set forth fully herein.

48.     Plaintiff is, and at all material times hereto has been, the owner of the copyrights in the Copyrighted Material and is entitled and authorized to protect itself against copyright infringement, including the enforcement of copyright actions against infringers.

RESPONSE: Wondfo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Amended Complaint and therefore denies the same.

49.     Pursuant to 17 U.S.C. § 106, Plaintiff has the exclusive rights to reproduce, publicly display, and distribute the Copyrighted Material.

RESPONSE: Paragraph 49 of the Amended Complaint states legal conclusions, to which no response is required. To the extent that a response is required, Wondfo denies the allegations in Paragraph 49 of the Amended Complaint.

50.     Pursuant to 17 U.S.C. § 106, Plaintiff has the exclusive right to prepare derivative works based upon the Copyrighted Material.

RESPONSE: Paragraph 50 of the Amended Complaint states legal conclusions, to which no response is required. To the extent that a response is required, Wondfo denies the allegations in Paragraph 50 of the Amended Complaint.

51.     Plaintiff owns all right, title and interest in and to United States Copyright Certificate of Registration for Copyright No. TX 0008912832.

RESPONSE: Paragraph 51 of the Amended Complaint states legal conclusions, to which no response is required. To the extent that a response is required, Wondfo denies the allegations in Paragraph 51 of the Amended Complaint.

52.     Defendant had access to the Copyrighted Material depicted in Copyright Registration No. TX 0008912832, as the Copyrighted Material has been available through purchase from the same online retail source (e.g., Amazon.com) as the Wondfo Progesterone (PDG) Urine Test product which is sold alone with the Defendant's infringing Wondfo instructions.

RESPONSE: Wondfo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Amended Complaint and therefore denies the same.

53.     Defendant copied the Copyrighted Material depicted in Copyright Registration No. TX 0008912832.  The instructions and used by Defendant used in conjunction with Defendant's Progesterone (PdG) Urine Test is substantially similar to the Copyright Registration No. TX 0008912832 entitled "Ovulation Double Check" in that the look and feel of Defendant's infringing material and the Copyrighted Material are substantially similar.  Defendant has violated and infringed upon Plaintiff's Registered Copyright No. TX 0008912832.

RESPONSE: Deny.

54.    Plaintiff became aware that Defendant was promoting, advertising, and offering for sale products using product descriptions and advertisements substantially similar to Plaintiff's Copyrighted Material.

RESPONSE: Deny.

55.    Defendant has infringed and continues to infringe, Plaintiff's Copyrighted Material by reproducing, publicly displaying, promoting, advertising, and offering for sale products using instructions for use which are substantially similar to Plaintiffs Copyrighted Material without Plaintiff's authorization.

RESPONSE: Deny.

56.    At a minimum, Defendant has acted in reckless disregard of Plaintiff's copyright interest in Plaintiff's previously registered Copyrighted Material.  Thus, Defendant's infringement has been willful.

RESPONSE: Deny.

57.    Plaintiff is entitled to its statutory damages (including an award for willful damages), or in the alternative actual damages, including Defendant's profits from infringement, in amounts to be proven at trial.

RESPONSE: Deny.

58.    Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law.  Plaintiff has been irreparably harmed by the infringing acts.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to permanent injunctive relief prohibiting infringement of Plaintiff's copyrights and exclusive rights under copyright.

RESPONSE: Deny.

26

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A.      A judgment finding that Defendant copied Plaintiff's Copyrighted Material and is liable for copyright infringement in each of the infringing acts;

B.      A judgment finding that Defendant, and all those in active concert or participation with it, be permanently enjoined from infringement of Plaintiff's copyrights in the Copyrighted Material pursuant to 17 U.S.C. § 502;

C.      A judgment and order for Defendant to account for and turn over to Plaintiff all copies or other articles by which copies of the Copyrighted Material may be reproduced pursuant to 17 U.S.C. § 503;

D.      An award of Plaintiff's actual damages, including Defendant's profits, in amounts to be proven at trial;

E.      An award of statutory damages and/or willful damages pursuant to 17 U.S.C. § 504;

F.      An award of attorneys' fees pursuant to 17 U.S.C. § 505;

G.      An award of prejudgment and post-judgment interest to provide such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just; and

H.      All other relief the Court deems just and fair.

### <u>Jury Demand</u>

Plaintiff demands a trial by jury on all issues so triable to a jury.

## **AFFIRMATIVE DEFENSES**

Wondfo asserts the following affirmative defenses without conceding that it bears the burden of proof as to any of the defenses pled. Wondfo reserves the right to amend or supplement these defenses and to take further positions as discovery proceeds in this case.

## **FIRST AFFIRMATIVE DEFENSE**

### **(Fair Use Doctrine)**

MFB's claim is barred, in whole or in part, by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. §107. For instance, the alleged copyrighted material is factual in nature and many elements of the alleged copyrighted material are intended for educational purposes and to meet FDA disclosure requirements. Likewise, any alleged copying has had a *de minimis* effect, if any effect, on MFB's ability to profit from the alleged copyrighted material itself. MFB sells PdG test strips, not instructions or product inserts for PdG test strips. To the extent any of the alleged copyrighted material constitutes protectible expression (it does not), those elements of the alleged copyrighted material do not drive any demand for the PdG test strips or result in any profits.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Copyright Misuse / Unclean Hands)**

MFB's claim is barred, in whole or in part, because it has engaged in one or more acts that have misused its copyrights including but not limited to having wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act. These acts include filing baseless lawsuits against any competitor who attempts to disturb MFB's monopoly over PdG tests in the United States and failure to disclose that the alleged copyrighted material includes material copied from other works and that MFB is not the sole author of the alleged copyrighted

28

material. Moreover, the allegedly infringing material consists of FDA-required warnings, precautions, and instructions for use and storage of such diagnostic products. In other words, MFB is attempting to weaponize the Copyright Act in such a way that would prevent any prospective competitors from complying with FDA disclosure requirements and entering the market in the first instance. Wondfo reserves the right to assert one or more antitrust-related claims.

### THIRD AFFIRMATIVE DEFENSE

### (Works Not Protectable)

MFB's claim is barred, in whole or in part, because the contents of the alleged copyrighted material consist of non-protectable ideas and expressions. MFB alleges infringement of facts dictated by utilitarian concerns, such as those directed at the characteristics and intended use of PdG and other test strips, and other elements of the work that are so rudimentary, commonplace, standard, or unavoidable that they do not serve to distinguish one work within a class of works from another. Such elements do not demonstrate the requisite originality and creativity and are therefore not protectible.

### FOURTH AFFIRMATIVE DEFENSE

### (No Ownership)

MFB's claim is barred, in whole or in part, because it is not the owner of the copyrights at issue. At a minimum, many of the elements of the alleged copyrighted material are derived from other works that were not authored by MFB, including Wondfo's own works. Moreover, upon information and belief, MFB did not author the alleged copyright material.

### FIFTH AFFIRMATIVE DEFENSE

### (Merger)

29

MFB's claim is barred, in whole or in part, by the doctrine of merger. Facts such as instructions regarding the proper storage and use of PdG and other test strips can only be expressed in so many ways. The ideas behind such expressions and the expressions themselves are inseparable, rendering any expressions of such ideas non-protectable.

### SIXTH AFFIRMATIVE DEFENSE

**(*Scènes à Faire*)**

MFB's claim is barred, in whole or in part, by the doctrine of *scènes à faire*. The instructions for a PdG test strip, how it works, when to use it, how to use it, how to interpret the results, how to store it, precautions, and frequently asked questions are rudimentary, commonplace, standard, or unavoidable *scènes à faire* for any instruction manual for a similar health test. The Copyright Act does not protect such indispensable or standard elements, which do not serve to distinguish one work within a class of works from another.

### SEVENTH AFFIRMATIVE DEFENSE

**(Lack of Willfulness)**

MFB's claim is barred, in whole or in part, because Wondfo was not aware and had no reason to believe that its acts constitute an infringement of copyright as alleged. More specifically, as set forth above, Wondfo was the original author of elements of the alleged copyrighted material, and Wondfo has and had a good faith belief that elements of the alleged copyrighted material are not protectible at least under the doctrines of merger and *scènes à faire* and any purported use of the alleged copyright material constitutes fair use.

## COUNTERCLAIM

Defendant Wondfo alleges the following Counterclaim against Plaintiff MFB:

## PARTIES

1.       Wondfo is an Illinois corporation with a principal place of business at 545 Willowbrook Parkway, Unit B, Willowbrook, Illinois, 60527.

2.       Upon information and belief, MFB is a Delaware corporation with a principal place of business in Boulder, Colorado.

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over the subject matter of this action pursuant to the Copyright Act of 1976, as amended, 17 U.S.C. § 101, et seq. This Court has original jurisdiction over this action under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b), and 15 U.S.C. § 1121 and other applicable statutes.

4.       This Court has personal jurisdiction over MFB because MFB transacts business in this District, and MFB's products sold with the infringing MFB instruction manuals have been promoted, distributed, offered for sale, and sold within this judicial district.

5.       MFB conducts business through its online storefront on Amazon.com and other online storefronts. MFB's products sold with the infringing MFB instructions are available for purchase through Amazon.com and those other storefronts, including to Illinois residents of this judicial district.

6.       MFB has known of Wondfo's copyright and continues to use Wondfo's copyright to benefit the sales of its Progesterone (PDG) Urine Test. By doing so, MFB has intentionally caused harm to Wondfo in this district.

31

7.     MFB has directed its misuse and infringement of Wondfo's copyright in the State of Illinois, with knowledge that Wondfo's injury would occur in the State of Illinois.

8.     This Court has personal jurisdiction over MFB, as MFB is engaged in copyright infringement directed at persons and entities residing in, located in, or doing business in this district.

9.     MFB has purposefully availed itself of the privileges of conducting business in this judicial district and has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being sued in a court in Illinois.

10.     Likewise, this Court has personal jurisdiction over MFB because MFB consented to jurisdiction by initiating this action.

11.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because MFB does business in this District and has consented to venue in this District by initiating this action.

## **BACKGROUND OF FACTS**

12.     Wondfo is a leading manufacturer of rapid point-of-care tests in four major categories including toxicology testing, infectious disease, women's reproductive health, and veterinary diagnostics.

13.      More specifically, Wondfo has been selling "lateral flow" test strip products for various applications for over twenty years. These products include various types of fertility, ovulation, and pregnancy test products.

14.     MFB sells its own line of progesterone ("PdG") ovulation test products referred to as "Proov" through at least its online storefront on Amazon.com and other online storefronts.

32

15.     Although MFB accuses Wondfo of infringing its copyright in this action, the alleged copyrighted material asserted by MFB actually infringes Wondfo's own copyrighted material, which preexisted MFB's alleged copyrighted material, the creation of its "Proov" products, and even MFB's corporate existence by at least four years.

## WONDFO'S COPYRIGHTED MATERIAL

16.     Wondfo's lateral flow test strip products contain product inserts that provide warnings and instructions relating to the proper storage and use of the products ("Wondfo's Copyrighted Material").

17.     Wondfo owns all right, title, and interest to Wondfo's Copyrighted Material and has standing to sue for enforcement of its copyright to the material.

18.     Wondfo's Copyrighted Material is an original work of authorship in the form of a compilation comprising text, photographs, and artwork fixed in a tangible medium.

19.     Wondfo's Copyrighted Material was authored as early as 2012, and Wondfo began including the material with products sold in various markets, including the United States, as early as 2012 and no later than 2014.

20.     These Wondfo products included certain "W1-S" human chorionic gonadotropin ("HCG") pregnancy tests and "W2-S" lutenizing hormone ("LH") ovulation tests. The inserts enclosed with these products are attached hereto as **Exhibits A** and **B**.

21.     MFB has promoted, advertised, offered for sale, and sold products which included instructions and product descriptions that are substantially similar to Wondfo's Copyrighted Material.

22.     MFB has copied Wondfo's Copyrighted Material and violated Wondfo's copyright to the same. As can be seen below, MFB's product instructions for its "Proov" PdG

33

tests use a combination and sequence of descriptions and phrases that are substantially similar to Wondfo's Copyrighted Material as included with Wondfo's HCG pregnancy tests and LH ovulation tests.

23.     For example, the order and selection of points in the "STORAGE AND STABILITY" and "PRECAUTIONS" sections of Wondfo's Copyrighted Material was copied and used in MFB's infringing work:

| Wondfo's Copyrighted Material | MFB's Infringing Material |
|---|---|
|  | |
| Ex. A; *see also* Ex. B. | *See* Amended Complaint. |

24.     The "STORAGE AND STABILITY" section of MFB's infringing instruction is substantially similar to and copies, among other things, the order and selection of the first four points in the "STORAGE AND STABILITY" section of Wondfo's Copyrighted Material:



| Wondfo's Copyrighted Material | MFB's Infringing Material |
|---|---|
| Ex. A; *see also* Ex. B. | *See* Amended Complaint. |

25.    As a further example, the "PRECAUTIONS" section of MFB's infringing instruction manual is substantially similar to and copies, among other things, the order and selection of the first five points in the "PRECAUTIONS" section of Wondfo's Copyrighted Material:



| Wondfo's Copyrighted Material | MFB's Infringing Material |
|---|---|
| Ex. A; *see also* Ex. B. | *See* Amended Complaint. |

26.     In addition, the order and selection of points in the "INSTRUCTIONS FOR USE" section of MFB's infringing work is substantially similar to and copies Wondfo's Copyrighted Material:

| Wondfo's Copyrighted Material | MFB's Infringing Material |
|---|---|
|  | |
| Ex. A; *see also* Ex. B. | *See* Amended Complaint. |

27.    The second and third ordered instruction in MFB's infringing material is substantially similar to the statement "2. Remove the test strip form the sealed pouch." and "3. Immerse the strip into the urine with the arrow pointing towards the urine. Take the strip out after 3 seconds and lay the strip flat on a clean, dry, non-absorbent surface[.]" in Wondfo's Copyrighted Material. The Defendant's even copied the warning in Wondfo's Copyrighted Material as shown below:



| Wondfo's Copyrighted Material | MFB's Infringing Material |
|---|---|
| Ex. A; *see also* Ex. B. | *See* Amended Complaint. |

28.     The fourth ordered instruction in MFB's infringing material is substantially similar to the statement "Read results in 5 minutes.  Do not read results after more than 5 minutes." in Wondfo's Copyrighted Material as shown below:

| Wondfo's Copyrighted Material | MFB's Infringing Material |
|---|---|
|  | |
| Ex. A; *see also* Ex. B. | *See* Amended Complaint. |

29. When considered in the aggregate, MFB's advertisements and product descriptions are substantially similar to Wondfo's Copyrighted Material, including the selection and arrangement of points in the instructions.

30. MFB's promotion, advertisement, offer for sale, and sale of products including instructions which use Wondfo's Copyrighted Material has resulted in damages to Wondfo and caused Wondfo irreparable injury.

31. MFB does not have, nor has it ever sought, Wondfo's authorization for the promotion, advertisement, offer for sale, and sale of products using Wondfo's Copyrighted Material.

## COUNT I: COPYRIGHT INFRINGEMENT

32. Wondfo incorporates all prior allegations as if set forth fully herein.

33.     Wondfo is, and at all material times hereto has been, the owner of the copyright in Wondfo's Copyrighted Material and is entitled and authorized to protect itself against copyright infringement, including the enforcement of copyright actions against infringers.

34.     Pursuant to 17 U.S.C. § 106, Wondfo has the exclusive rights to reproduce, publicly display, and distribute Wondfo's Copyrighted Material.

35.     Pursuant to 17 U.S.C. § 106, Wondfo has the exclusive right to prepare derivative works based upon Wondfo's Copyrighted Material.

36.     Wondfo owns all right, title, and interest in and to Wondfo's Copyrighted Material.

37.     MFB had access to Wondfo's Copyrighted Material, as Wondfo's Copyrighted Material has been available through purchase from at least the same online retail source (e.g., Amazon.com) as MFB's "Proov" PdG test, which is sold with MFB's infringing instructions, since as early as 2012 and no later than 2014.

38.     MFB copied Wondfo's Copyrighted Material. As set forth above, the instructions enclosed with MFB's "Proov" PdG test are substantially similar to Wondfo's Copyrighted Material in that the look, feel, and contents of MFB's infringing material and Wondfo's Copyrighted Material are substantially similar. Defendant has infringed Wondfo's Copyrighted Material and violated Wondfo's copyright thereto.

39.     Wondfo became aware that MFB was promoting, advertising, and offering for sale products using product descriptions and advertisements substantially similar to Wondfo's Copyrighted Material.

40.     MFB has infringed and continues to infringe Wondfo's copyright to the copyrighted material by reproducing, publicly displaying, promoting, advertising, and offering

for sale products using instructions for use which are substantially similar to Wondfo's Copyrighted Material without Wondfo's authorization.

41. At a minimum, MFB has acted in reckless disregard of Wondfo's copyright interest in Wondfo's Copyrighted Material. Thus, MFB's infringement has been willful.

42. Wondfo is entitled to its actual damages, including MFB's profits from infringement, in amounts to be proven at trial.

43. MFB's conduct is causing and, unless enjoined by this Court, will continue to cause Wondfo irreparable injury that cannot fully be compensated or measured in money. Wondfo has no adequate remedy at law. Wondfo has been irreparably harmed by the infringing acts. Pursuant to 17 U.S.C. § 502, Wondfo is entitled to permanent injunctive relief prohibiting infringement of Wondfo's copyrights and exclusive rights under copyright.

WHEREFORE, Wondfo demands judgment against MFB as follows:

A. A judgment finding that MFB copied Wondfo's Copyrighted Material and is liable for copyright infringement in each of the infringing acts;

B. A judgment finding that MFB, and all those in active concert or participation with it, be permanently enjoined from infringement of Wondfo's copyrights in its copyrighted material pursuant to 17 U.S.C. § 502;

C. A judgment and order for MFB to account for and turn over to Wondfo all copies or other articles by which copies of Wondfo's Copyrighted Material may be reproduced pursuant to 17 U.S.C. § 503;

D. An award of Wondfo's actual damages, including MFB's profits, in amounts to be proven at trial;

E. An award of attorneys' fees pursuant to 17 U.S.C. § 505;

F.  An award of prejudgment and post-judgment interest to provide such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just; and

G.  All other relief the Court deems just and fair.


Dated:  October 15, 2024                    Respectfully submitted,


                                            */s/ Abram I. Moore*
                                            Abram I. Moore
                                            AMoore@Venable.com
                                            Nelson M. Hua
                                            NMHua@Venable.com
                                            **VENABLE LLP**
                                            227 West Monroe Street, Suite 1900
                                            Chicago, IL 60606
                                            Telephone: (312) 820-3400
                                            Facsimile: (312) 820-3401

                                            *Counsel for Defendant Wondfo USA Co., Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 15, 2024, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, which will send an electronic copy of the foregoing to counsel of record and constitutes service pursuant to Local Rule 5.9 of the Northern District of Illinois.


*/s/ Abram I. Moore*
Abram I. Moore